## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Superior Hemp Farming LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **84-3573399** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **2542 S. Bascom Ave., Suite 130 Campbell, CA 95008** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Santa Clara** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

5. **Debtor's website** (URL) _____

6. **Type of debtor**

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

■ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

| | |
|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>■ Yes. |

List all cases. If more than 1, attach a separate list

Debtor    **See Attachment**       Relationship _____

District _____    When _____    Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No<br>☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

    Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

          Contact name _____

          Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ■ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |

---

- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ■ $500,001 - $1 million

- ☐ $10,000,001 - $50  million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million

- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

| Debtor | **Superior Hemp Farming LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Request for Relief, Declaration, and Signatures**

**WARNING** — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 17, 2023**
                MM / DD / YYYY

X _____      **David Lawver**
    Signature of authorized representative of debtor      Printed name

Title    **Manager**

**18. Signature of attorney**

X _____      Date   **February 17, 2023**
    Signature of attorney for debtor                    MM / DD / YYYY

**Caroline R. Djang 216313**
Printed name

**Buchalter**
Firm name

**18400 Von Karman Ave.**
**Suite 800**
**Irvine, CA 92612**
Number, Street, City, State & ZIP Code

Contact phone   **949-760-1121**      Email address   **cdjang@buchalter.com**

**216313 CA**
Bar number and State

| Debtor | **Superior Hemp Farming LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

SOUTHERN DISTRICT OF CALIFORNIA

Case number (*if known*) _____  Chapter __7__

☐ Check if this an
amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Maple 13, LLC** | Relationship to you | | **Affiliate** |
| District | **Southern District of California** | When | Case number, if known | |
| Debtor | **Venture Hemp Winter, LLC** | Relationship to you | | **Affiliate** |
| District | **Southern District of California** | When | Case number, if known | |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

---

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ■ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ■ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ■ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ■ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ■ *Schedule H: Codebtors* (Official Form 206H)
- ■ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __February 17, 2023__   X _____
                                        Signature of individual signing on behalf of debtor

**David Lawver**
Printed name

**Manager**
Position or relationship to debtor

---

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

Debtor name **Superior Hemp Farming LLC**

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals          12/15

Part 1:     Summary of Assets

1.    *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    **1a. Real property:**
    Copy line 88 from *Schedule A/B*.............................................................................................. $ _____ **0.00**

    **1b. Total personal property:**
    Copy line 91A from *Schedule A/B*........................................................................................... $ _____ **0.00**

    **1c. Total of all property:**
    Copy line 92 from *Schedule A/B*............................................................................................. $ _____ **0.00**

Part 2:     Summary of Liabilities

2.    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
    Copy the total dollar amount listed in Column A, *Amount of claim,* from line 3 of *Schedule D*.................... $ _____ **0.00**

3.    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    **3a. Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F*............................................................ $ _____ **0.00**

    **3b. Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F*.............................. +$ _____ **648,788.49**

4.    **Total liabilities** ...........................................................................................................................
    Lines 2 + 3a + 3b

$ _____ **648,788.49**

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

Debtor name      **Superior Hemp Farming LLC**

United States Bankruptcy Court for the:      SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known)   _____

☐ Check if this is an
   amended filing

## Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

1. **Does the debtor have any cash or cash equivalents?**

   ■ No. Go to Part 2.
   ☐ Yes Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**          Current value of
                                                                               debtor's interest

| Part 2: | Deposits and Prepayments |
|---|---|

6. **Does the debtor have any deposits or prepayments?**

   ■ No. Go to Part 3.
   ☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

10. **Does the debtor have any accounts receivable?**

   ■ No. Go to Part 4.
   ☐ Yes Fill in the information below.

| Part 4: | Investments |
|---|---|

13. **Does the debtor own any investments?**

   ■ No. Go to Part 5.
   ☐ Yes Fill in the information below.

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

   ■ No. Go to Part 6.
   ☐ Yes Fill in the information below.

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

   ■ No. Go to Part 7.

☐ Yes Fill in the information below.

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

■ No.  Go to Part 8.
☐ Yes Fill in the information below.

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No.  Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

■ No.  Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

■ No.  Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

**70. Does the debtor own any other assets that have not yet been reported on this form?**
   Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No.  Go to Part 12.
☐ Yes Fill in the information below.

Debtor __Superior Hemp Farming LLC__        Case number *(If known)* _____
         Name

---

**Part 12:**    **Summary**

**In Part 12 copy all of the totals from the earlier parts of the form**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | $0.00 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $0.00 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $0.00 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $0.00 | |
| 88. **Real property.** *Copy line 56, Part 9* ...............................................................> | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | + $0.00 | |
| 91. **Total.** Add lines 80 through 90 for each column | $0.00 | + 91b. $0.00 |
| 92. **Total of all property on Schedule A/B**. Add lines 91a+91b=92 | | $0.00 |

**Fill in this information to identify the case:**

Debtor name   **Superior Hemp Farming LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

  ■ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

  ☐ Yes. Fill in all of the information below.

Debtor name  **Superior Hemp Farming LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an
   amended filing

## Official Form 206E/F
# Schedule E/F: Creditors Who Have Unsecured Claims          12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and
Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and
2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:   List All Creditors with PRIORITY Unsecured Claims

1.  **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

   ■ No. Go to Part 2.

   ☐ Yes. Go to line 2.

### Part 2:   List All Creditors with NONPRIORITY Unsecured Claims

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If the debtor has more than 6 creditors with nonpriority unsecured claims, fill
    out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

**3.1** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$10,000.00**

**Blue Leviathan Ventures, LLC**
**P.O. Box 1504**
**Roseville, CA 95678**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim:  Trade debt - Grow Management Fee

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.2** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$300,300.00**

**Gregorio Gutierrez**
**738 Santa Paula Ave.**
**Sunnyvale, CA 94085**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **January 7, 2020**

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.3** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$50,000.00**

**Lucia Rubalcava Sordo**
**Hidalgo No. 148, Casa 4**
**San Bartolo Ameyalco, Alcaldia**
**CDMX 01800**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred  **November 27, 2019**

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

---

**3.4** | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$38,487.49**

**Mark Harris**
**PO Box 121**
**Penngrove, CA 94951**

☐ Contingent
☐ Unliquidated
☐ Disputed

Date(s) debt was incurred _

Last 4 digits of account number _

Basis for the claim: _

Is the claim subject to offset? ■ No  ☐ Yes

| 3.5 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$50,000.00** |
|---|---|---|---|

**Selomon Goitom**
**963 Diamond St.**
**San Diego, CA 92109**

Date(s) debt was incurred _

Last 4 digits of account number _

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.6 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$100,000.00** |
|---|---|---|---|

**Turnkey Ventures Retail III**
**2543 S. Bascom Ave. #130**
**Campbell, CA 95008**

Date(s) debt was incurred _

Last 4 digits of account number _

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

| 3.7 | Nonpriority creditor's name and mailing address | As of the petition filing date, the claim is: *Check all that apply.* | **$100,001.00** |
|---|---|---|---|

**Veronica Reyes**
**2236 Deborah Drive, Apt. 3**
**Santa Clara, CA 95050**

Date(s) debt was incurred __January 7, 2020__

Last 4 digits of account number _

- [ ] Contingent
- [ ] Unliquidated
- [ ] Disputed

**Basis for the claim:** _

Is the claim subject to offset? ■ No ☐ Yes

---

## Part 3:   List Others to Be Notified About Unsecured Claims

4. List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

     If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|

## Part 4:   Total Amounts of the Priority and Nonpriority Unsecured Claims

5. Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| **5a. Total claims from Part 1** | 5a.   $ | 0.00 |
| **5b. Total claims from Part 2** | 5b.   + $ | 648,788.49 |
| **5c. Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c.   $ | 648,788.49 |

Debtor name   **Superior Hemp Farming LLC**

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206G
## Schedule G: Executory Contracts and Unexpired Leases                12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, number the entries consecutively.

1.   **Does the debtor have any executory contracts or unexpired leases?**
   ■ No. Check this box and file this form with the debtor's other schedules.  There is nothing else to report on this form.
   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B: Assets - Real and Personal*   *Property* (Official Form 206A/B).

| **2. List all contracts and unexpired leases** | **State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease** |
|---|---|
| 2.1   State what the contract or lease is for and the nature of the debtor's interest | |
|        State the term remaining | |
|        List the contract number of any government contract | |
| 2.2   State what the contract or lease is for and the nature of the debtor's interest | |
|        State the term remaining | |
|        List the contract number of any government contract | |
| 2.3   State what the contract or lease is for and the nature of the debtor's interest | |
|        State the term remaining | |
|        List the contract number of any government contract | |
| 2.4   State what the contract or lease is for and the nature of the debtor's interest | |
|        State the term remaining | |
|        List the contract number of any government contract | |

Debtor name     **Superior Hemp Farming LLC**

United States Bankruptcy Court for the:     SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
   amended filing

## Official Form 206H
## Schedule H: Your Codebtors                                                    12/15

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

### 1. Do you have any codebtors?

■ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.
☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor |
|---|---|---|

| | Name | Mailing Address | Name | Check all schedules that apply: |
|---|---|---|---|---|
| 2.1 | _____ | Street _____<br><br>City     State     Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | _____ | Street _____<br><br>City     State     Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | _____ | Street _____<br><br>City     State     Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | _____ | Street _____<br><br>City     State     Zip Code | _____ | ☐ D<br>☐ E/F<br>☐ G |

Debtor name  **Superior Hemp Farming LLC**

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known)  _____

☐ Check if this is an
amended filing

## Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/22

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

**Part 1:** Income

1. **Gross revenue from business**

   ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

   ■ None.

   | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
   |---|---|---|

**Part 2:** List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer Check all that apply |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ■ None.

   | Insider's name and address Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B *(Schedule A/B: Assets – Real and Personal Property)*. | Dates of loss | Value of property lost |
|---|---|---|---|

**Part 6:    Certain Payments or Transfers**

11. **Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

■ None.

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**

List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If  debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

**19. Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**20. Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|

**Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own**

**21. Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

**Part 12:  Details About Environment Information**

For the purpose of Part 12, the following definitions apply:
  *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

  *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

  *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No.
☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| | | | |

**Part 13:**    **Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

■ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

■ None

| Name and address | Date of service<br>From-To |
|---|---|
| | |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

■ None

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

■ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|
| |

**27. Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Venture Hemp Winter LLC | 2542 S. Bascom Avenue, Suite 130 Campbell, CA 95008 | Membership Interest | 100 |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

- ■ No
- ☐ Yes. Identify below.

**30. Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ■ No
- ☐ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ■ No
- ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

---

**Part 14:   Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February 17, 2023**

_____          **David Lawver**
Signature of individual signing on behalf of the debtor     Printed name

Position or relationship to debtor    **Manager**

Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?
■ No
☐ Yes

Name, Address, Telephone No. & I.D. No.
**Caroline R. Djang 216313**
**18400 Von Karman Ave.**
**Suite 800**
**Irvine, CA 92612**
**949-760-1121**
**216313 CA**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
**Superior Hemp Farming LLC**

BANKRUPTCY NO.

Tax I.D. / S.S. #: **84-3573399**

Debtor.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**RIGHTS AND RESPONSIBILITIES OF CHAPTER 7 DEBTORS**
**AND THEIR ATTORNEY**

In order for debtors and their attorneys to understand their rights and responsibilities in the bankruptcy process, the following terms of engagement are hereby agreed to by the parties.

Nothing in this agreement should be construed to excuse an attorney from any ethical duties or responsibilities under Federal Rule of Bankruptcy Procedure 9011 and the Local Bankruptcy Rules.

# I.
## Services Included in the Initial Fee Charged

The following are services that an attorney must provide as part of the initial fee charged for representation in a Chapter 7 case:

1. Meet with the debtor to review the debtor's assets, liabilities, income and expenses.

2. Analyze the debtor's financial situation, and render advice to the debtor in determining whether to file a petition in bankruptcy.

3. Describe the purpose, benefits, and costs of the Chapters the debtor may file, counsel the debtor regarding the advisability of filing either a Chapter 7, 11, or 13 case, and answer the debtor's questions.

4. Advise the debtor of the requirement to attend the Section 341(a) Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.

5. Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.

6.  Timely prepare, file and serve, as required, the debtor's petition, schedules, Statement of Financial Affairs, and any necessary amendments to Schedule C.

7.  Provide documents pursuant to the Trustee Guidelines and any other information requested by the Chapter 7 Trustee or the Office of the United State Trustee.

8.  Provide an executed copy of the Rights and Responsibilities of Chapter 7 Debtors and their Attorneys to the debtor.

9.  Appear and represent the debtor at the Section 341(a) Meeting of Creditors, and any continued meeting, except as further set out in Section II.

10. File the Certificate of Debtor Education if completed by the debtor and provided to the attorney before the case is closed.

11. Attorney shall have a continuing obligation to assist the debtor by returning telephone calls, answering questions and reviewing and sending correspondence.

12. Respond to and defend objections to claim(s) of exemption arising from attorney error(s) in Schedule C.

## II.
## Services Included as Part of Chapter 7 Representation,
## Subject to an Additional Fee

The following are services, included as part of the representation of the debtor, but for which the attorney may charge additional fees.

1.  Representation at any continued meeting of creditors due to client's failure to appear or failure to provide required documents or acceptable identification;

2.  Amendments, except that no fee shall be charged for any amendment to Schedule C that may be required as a result of attorney error;

3.  Opposing Motions for Relief from Stay;

4.  Reaffirmation Agreements and hearings on Reaffirmation Agreements;

5.  Redemption Motions and hearings on Redemption Motions;

6.  Preparing, filing, or objecting to Proofs of Claims, when appropriate, and if applicable;

7.  Representation in a Motion to Dismiss or Convert debtor's case;

8.  Motions to Reinstate or Extend the Automatic Stay;

9.  Negotiations with Chapter 7 Trustee in aid of resolving nonexempt asset, turnover or asset administration issues.

# III.
## Additional Services Not Included in the Initial Fee Which Will Require a Separate Fee Agreement

The following services are <u>not</u> included as part of the representation in a Chapter 7 case, unless the attorney and debtor negotiate representation in these post-filing matters at mutually agreed upon terms in advance of any obligation of the attorney to render services. Unless a new fee agreement is negotiated between debtor and attorney, attorney will not be required to represent the debtor in these matters:

1.  Defense of Complaint to Determine Non-Dischargeability of a Debt or filing Complaint to determine Dischargeability of Debt;

2.  Defense of a Complaint objecting to discharge;

3.  Objections to Claim of Exemption, except where an objection arises due to an error on Schedule C;

4.  Sheriff levy releases;

5.  Section 522(f) Lien Avoidance Motions;

6.  Opposing a request for, or appearing at a 2004 examination;

7.  All other Motions or Applications in the case, including to Buy, Sell, or Refinance Real or other Property;

8.  Motions or other proceedings to enforce the automatic stay or discharge injunction;

9.  Filing or responding to an appeal;

10. An audit of the debtor's case conducted by a contract auditor pursuant to 28 U.S.C. Section 586(f).

# IV.
## Duties and Responsibilities of the Debtor

As the debtor filing for a Chapter 7 bankruptcy, you must:

1.  Fully disclose everything you own, lease, or otherwise believe you have a right or interest in prior to filing the case;

2.  List everyone to whom you owe money, including your friends, relatives or someone you want to repay after the bankruptcy is filed;

3.  Provide accurate and complete financial information;

4.  Provide all requested information and documentation in a timely manner, in accordance with the Chapter 7 Trustee Guidelines;

5.  Cooperate and communicate with your attorney;

6.  Discuss the objectives of the case with your attorney before you file;

7.  Keep the attorney updated with any changes in contact information, including email address;

8.  Keep the attorney updated on any and all collection activities by any creditor, including lawsuits, judgments, garnishments, levies and executions on debtor's property;

9.  Keep the attorney updated on any changes in the household income and expenses;

10. Timely file all statutorily required tax returns;

11. Inform the attorney if there are any pending lawsuits or rights to pursue any lawsuits;

12. Appear at the Section 341(a) Meeting of Creditors, and any continued Meeting of Creditors;

13. Bring proof of social security number and government issued photo identification to the Section 341(a) Meeting of Creditors;

14. Provide date-of-filing bank statements to the attorney no later than 7 days after filing of your case;

15. Pay all required fees prior to the filing of the case;

16. Promptly pay all required fees in the event post filing fees are incurred;

17. Debtors must not direct, compel or demand their attorney to take a legal position or oppose a motion in violation of any Ethical Rule, any Rule of Professional Conduct, or Federal Rule that is not well grounded in fact or law.

Dated: **February 17, 2023** _____

**David Lawver**
Debtor

Dated: **February 17, 2023** _____

Caroline R. Djang 216313
Attorney for Debtor(s)

# United States Bankruptcy Court
## Southern District of California

In re    **Superior Hemp Farming LLC** _____    Case No. _____

                                        Debtor(s)               Chapter    **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | **10,000.00** |
| Prior to the filing of this statement I have received | $ | **10,000.00** |
| Balance Due | $ | **0.00** |

2. The source of the compensation paid to me was:

   ☐ Debtor     ■ Other (specify):    **Palladium Development**

3. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February 17, 2023** _____       _____
_Date_

                                                   **Caroline R. Djang 216313**
                                                   _Signature of Attorney_
                                                   **Buchalter**
                                                   **18400 Von Karman Ave.**
                                                   **Suite 800**
                                                   **Irvine, CA 92612**
                                                   **949-760-1121   Fax: 949-720-0182**
                                                   **cdjang@buchalter.com**
                                                   _Name of law firm_

CSD 1008 [08/21/00]
Name, Address, Telephone No. & I.D. No.
**Caroline R. Djang 216313**
**18400 Von Karman Ave.**
**Suite 800**
**Irvine, CA 92612**
**949-760-1121**
**216313 CA**

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

**Superior Hemp Farming LLC**

BANKRUPTCY NO.

Debtor.

## VERIFICATION OF CREDITOR MATRIX

<u>PART I</u> (check and complete one):

■ New petition filed.  Creditor <u>diskette</u> required.                    TOTAL NO. OF CREDITORS:  **7**

☐ Conversion filed on _____. *See instructions on reverse side.*
    ☐ Former Chapter 13 converting.  Creditor <u>diskette</u> required.          TOTAL NO. OF CREDITORS:_____
    ☐ Post-petition creditors added.  <u>Scannable</u> matrix required.
    ☐ There are no post-petition creditors. No matrix required.

☐ Amendment or Balance of Schedules filed concurrently with this original <u>scannable</u> matrix affecting Schedule of Debts and/or Schedule of Equity Security Holders. *See instructions on reverse side.*
    ☐ Names and addresses are being ADDED.
    ☐ Names and addresses are being DELETED.
    ☐ Names and addresses are being CORRECTED.

<u>PART II</u> (check one):

■ The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

☐ The above-named Debtor(s) hereby verifies that there are no post-petition creditors affected by the filing of the conversion of this case and that the filing of a matrix is not required.

Date:  **February 17, 2023**

**David Lawver/Manager**
Signer/Title

**REFER TO INSTRUCTIONS ON REVERSE SIDE**

CSD 1008

# INSTRUCTIONS

1)     Full compliance with <u>Special Requirements for Mailing Addresses</u> (CSD 1007) is required.

2)     A creditors matrix with <u>Verification</u> is required whenever the following occurs:

    a)     A new petition is filed. Diskette required.

    b)     A case is converted on or after SEPTEMBER 1, 2000. (See paragraph 4b concerning post-petition creditors.)

    c)     An amendment to a case on or after SEPTEMBER 1, 2000, which adds, deletes or changes creditor address information on the debtor's Schedule of Debts and/or Schedule of Equity Security Holders. Scannable matrix format required.

3)     The scannable matrix must be <u>originally</u> typed or printed. It may not be a copy.

4)     CONVERSIONS:

    a)     When converting a Chapter 13 case filed before SEPTEMBER 1, 2000, to another chapter, <u>ALL</u> creditors must be listed on the mailing matrix at the time of filing and accompanied by a <u>Verification</u>. Diskette required.

    b)     For Chapter 7, 11, or 12 cases converted on or after SEPTEMBER 1, 2000, <u>only post-petition creditors need be listed on the mailing matrix</u>. The matrix and <u>Verification</u> must be filed with the post-petition schedule of debts and/or schedule of equity security holders. If there are no post-petition creditors, only the verification form is required. Scannable matrix format required.

5)     AMENDMENTS AND BALANCE OF SCHEDULES:

    a)     <u>Scannable matrix format required.</u>

    b)     The matrix with <u>Verification</u> is a document separate from the amended schedules and may not be used to substitute for any portion of the schedules. IT MUST BE SUBMITTED WITH THE AMENDMENT/BALANCE OF SCHEDULES.

    c)     Prepare a separate page for each type of change required: ADDED, DELETED, or CORRECTED. On the **REVERSE** side of each matrix page, indicate which category that particular page belongs in. Creditors falling in the same category should be placed on the same page in alphabetical order.

6)     Please refer to CSD 1007 for additional information on how to avoid matrix-related problems.

Blue Leviathan Ventures, LLC
P.O. Box 1504
Roseville, CA 95678


Gregorio Gutierrez
738 Santa Paula Ave.
Sunnyvale, CA 94085


Lucia Rubalcava Sordo
Hidalgo No. 148, Casa 4
San Bartolo Ameyalco, Alcaldia
CDMX 01800


Mark Harris
PO Box 121
Penngrove, CA 94951


Selomon Goitom
963 Diamond St.
San Diego, CA 92109


Turnkey Ventures Retail III
2543 S. Bascom Ave. #130
Campbell, CA 95008


Veronica Reyes
2236 Deborah Drive, Apt. 3
Santa Clara, CA 95050